**United States District Court**
For the Northern District of California

1

**\*E-Filed 1/6/10\***

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12   BENGARD RANCH, INC.,                    **No. C 09-02544  RS**

13              Plaintiff,                   **ORDER GRANTING MOTION FOR**
         v.                                  **ENTRY OF DEFAULT JUDGMENT**

14   LET US ONE CORPORATION; ROBERT
     L. ROMERO,

15

16              Defendants.

17   _____/

18                      I.  INTRODUCTION

19       THIS MATTER is before the Court on plaintiff Bengard Ranch, Inc.'s motion for default

20   judgment.  For the reasons stated below, the motion will be granted and default judgment will be

21   entered against defendants Let Us One Corporation and Robert L. Romero.

22

23                      II.  BACKGROUND

24       Bengard brought this action in April of 2009, alleging that in a series of transactions in

25   November and December of 2007, it shipped perishable agricultural commodities to defendant Let

26   Us One at its request.  Complaint, ¶8.  Let Us One agreed to pay $49,020.36 for the commodities,

27

28

1

but has failed and refused to make payment despite being provided with detailed invoices. Complaint , ¶¶8-10.

Defendant Robert L. Romero is a principal of Let Us One. Bengard alleges that Romero is a statutory trustee under the provisions of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §§ 499a, et seq. ("PACA").  Romero is named under both the second and third "causes of action" of the complaint which seek enforcement of the statutory trust provisions of PACA and for damages.  Romero is not named as a defendant under the first "cause of action" for breach of contract.

Romero, and through him, Let Us One, were personally served with summons and complaint in Puerto Rico.  Defendants failed to respond to the complaint, and the Clerk entered their defaults in October of 2009. This motion was heard on December 18, 2009.  Defendants did not appear at the hearing.

### III.  STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion.  See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  As to damages, when those claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).

IV.  DISCUSSION

A.  <u>Judgment as to Let Us One</u>

In this case, the *Eitel* factors strongly weigh in favor of granting Bengard's motion for default judgment as to Let Us One.  The allegations in the complaint, taken as true, establish the existence of Let Us One's obligation to pay and its breach. There is no uncertainty as to the amount of damages, as they are readily calculable from the invoices and are clearly set out both in the complaint and in the declaration submitted in support of this motion. It appears likely that Let Us One has made a business decision to allow judgment to be entered against, rather than to dispute any of the facts averred.  Let Us One had notice of this action and the precise amount of damages claimed, and it knew or should have known that had an obligation to file a response.  Under these circumstances, the policy favoring decisions on the merits must yield to plaintiff's right to a judicial determination of its claim.  Judgment for Bengard, therefore, will be entered in the principal amount of $49,020.36.

B.  <u>Judgment as to Romero</u>

Bengard also seeks a money judgment against Romero individually.  Under the third "cause of action" for violation of PACA, such a judgment is appropriate. "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).  The factual allegations of the complaint, deemed true for these purposes, establish that Romero is such a person.  For that reason, and for the same reasons discussed above as to why default judgment is proper in this action, judgment will be entered against Romero as well.

3

V.  CONCLUSION

The motion is granted.


IT IS SO ORDERED.


Dated: January 6, 2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

No. C 09-02544 RS
ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT